OPINION
{¶ 1} Defendant-appellant Adam McClure appeals from the May 20, 2004, Judgment Entry of the Morrow County Court of Common Pleas revoking his community control. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 10, 1995, the Morrow County Grand Jury indicted appellant on two counts of corruption of a minor in violation of R.C. 2907.04, felonies of the third degree, five counts of gross sexual imposition in violation of R.C. 2907.05(A), felonies of the fourth degree, four counts of gross sexual imposition in violation of 2907.05(A)(4), felonies of the third degree, two counts of rape in violation of R.C. 2907.02(A)(1)(b), aggravated felonies of the first degree, and one count of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b), an aggravated felony of the first degree. At his arraignment on February 21, 1995, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on October 30, 1995, appellant withdrew his former not guilty pleas and plead guilty to one count of corruption of a minor, a felony of the third degree, two counts of gross sexual imposition, felonies of the fourth degree, and one count of attempted felonious sexual penetration, an aggravated felony of the second degree. As memorialized in a Journal Entry filed on January 26, 1996, appellant was sentenced as follows: On the offense of attempted felonious sexual penetration, appellant was sentenced to four to fifteen years of incarceration. On the remaining three offenses, appellant was sentenced to a definite term of one year on each count, with such three counts to be served concurrently, but consecutively to the attempted felonious sexual penetration sentence.
 {¶ 4} On May 23, 2002, appellant filed a Motion for Super Shock Probation. A hearing was held on appellant's motion on May 27, 2003. Pursuant to a Judgment Entry filed on June 20, 2003, appellant's motion was granted and appellant was placed on community control for a period of five years under specified terms and conditions.
 {¶ 5} Subsequently, on March 9, 2004, appellee filed a Motion to Revoke Community Control Sanctions, alleging that appellant had violated the terms and conditions of his community control as follows:
 {¶ 6} "1. Defendant-Probationer has violated Condition A of this Court's Journal Entry of Super Shock dated June 20, 2003, which states: `The Defendant shall obey all conditions of supervision of the Morrow County Court of Common Pleas and the Morrow County/Adult Probation Department and shall comply with all orders given by the Probation Officer.' Specifically, defendant-probation [sic] failed to return to his residence in Morrow County as ordered by his supervising probation officer.
 {¶ 7} "2. Defendant-Probationer has violated Condition A of this Court's Journal Entry of Super Shock dated June 20, 2003, which states: `The Probationer shall refrain from commission of misdemeanor and/or felony offenses under federal and state statutes or municipal ordinances. The probationer shall notify the supervising probation officer immediately if incarcerated for an offense, or within 24 hours if not detained.' Specifically, defendant-probationer had sexual contact with a female under the age of 18.
 {¶ 8} "3. Defendant-Probationer has violated Condition Q of this Court's Journal Entry of Super Shock dated June 20, 2003, which states: `The Probationer shall not purchase/possess or use alcohol or intoxicating liquor, and shall refrain from entering places or business enterprises where such are sold for consumption on premises, except when necessary to purchase other foodstuffs or meals at stores or restaurants.' Specifically, on March 7, 2004, Defendant-Probationer, who was in an intoxicated state, was picked up by the Morrow County Sheriff Office. Further, on March 6, 2004, the defendant-probationer consumed alcohol."
 {¶ 9} At a hearing held on March 31, 2004, appellant stipulated that there was probable cause to believe that he had violated his community control. Thereafter, on April 12, 2004, appellee filed a Supplemental Motion to Revoke Community Control Sanctions, alleging that appellant had violated the terms and conditions of his community control by leaving the State of Ohio without written permission from the court or his probation officer. Appellant had been picked up in Florida by the Morrow County Sheriff's Office on March 25, 2004.
 {¶ 10} A hearing was held on April 16, 2004. As memorialized in a Journal Entry filed on May 20, 2004, the trial court found that appellant had violated the terms and conditions of his community control and revoked appellant's community control sanctions. Appellant's prison sentence was reimposed.
 {¶ 11} Appellant now raises the following assignments of error on appeal:
 {¶ 12} "THE TRIAL [SIC] VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS WHEN IT FOUND HIM IN VIOLATION OF HIS COMMUNITY CONTROL REGULATIONS WITHOUT PROPER NOTIFICATION.
 {¶ 13} "THE TRIAL COURT ERRED BY IMPOSING SENTENCE ON APPELLANT OUTSIDE HIS PRESENCE AND WITHOUT BENEFIT OF COUNSEL, IN VIOLATION OF THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 I {¶ 14} Appellant, in his first assignment of error, argues that the trial court violated his due process rights by finding him guilty of violating the terms and conditions of his community control without proper notification. Appellant specifically contends that he never received a copy of the April 12, 2004, "Supplemental Motion to Revoke Community Control Sanctions" and that "counsel defended the Appellant based entirely on the motion filed March 9, 2004 that did not contain an allegation that Appellant left the state of Ohio without permission."
 {¶ 15} In Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484, the United States Supreme Court established minimal due process requirements in dealing with parole revocation hearings. In Gagnonv. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the Court applied the doctrine of Morrissey to probation revocation hearings. The Court held that probation revocation, like parole revocation, is not a stage of a criminal proceeding, but can result in the loss of liberty therefore requiring that the probationer be accorded due process. The Court also held that a probationer is entitled to a preliminary and a final revocation hearing.
 {¶ 16} The Court, in Morrissey, explained that the minimum requirements of due process include the following elements:
 {¶ 17} "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."Morrissey at 489.
 {¶ 18} As is stated above, a Supplemental Motion to Revoke Community Control Sanctions was filed on April 12, 2004, alleging that appellant had violated the terms and conditions of his community control by leaving the State of Ohio and going to Florida without written permission from the court or his probation officer. At the April 16, 2004, hearing, defense counsel indicated to the trial court that he had not received a copy of such motion and that he "did this entire hearing based upon this [March 9, 2004] motion to revoke which I have in front on me." Transcript at 44.
 {¶ 19} We concur that appellant's constitutional right to notice of all of the allegations against him was violated since appellant did not receive a copy of the April 12, 2004, motion. While the trial court may have revoked appellant's community control based solely on the allegations contained in the original March 9, 2004, Motion to Revoke Community Control Sanctions, this Court cannot engage in speculation.
 {¶ 20} Based on the foregoing, appellant's first assignment of error is sustained.
 II {¶ 21} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 22} Accordingly, the judgment of the Morrow County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. On remand, the trial court is directed to consider whether the evidence adduced at the hearing on March 31, 2004, was sufficient to establish that appellant violated the terms and conditions of his community control as alleged in the March 9, 2004, Motion to Revoke Community Control. Since appellant did not receive a copy of the April 12, 2004, Supplemental Motion to Revoke Community Control, the trial court shall not consider the evidence relating to the community control violation alleged in such motion.
Edwards, J. Hoffman, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Costs assessed to appellee.